UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOHN DAVID HERBAUGH, Booking No. 18120621, Plaintiff, vs. 3089 ARJIS; SGT. BIBEL; CPT. KNEESHAW; SHERIFF GORE, Defendants. | Case No.: 3:18-cv-1578-AJB-MDD<br><br>**ORDER DISMISSING CLAIMS IN FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |
|---|---|

## I. Procedural History

On July 11, 2018, John David Herbaugh ("Plaintiff"), incarcerated at George Bailey Detention Facility ("GBDF") located in San Diego, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

The Court GRANTED Plaintiff's Motion to Proceed IFP and sua sponte

DISMISSED his Complaint pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A for failing to state a claim upon which relief could be granted and as frivolous (ECF No. 3). Plaintiff was provided leave to file an amended pleading in order to correct the deficiencies of pleading noted in the Court's Order. (*Id.*) On August 7, 2018, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 4).

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Fourteenth Amendment Due Process claims

Plaintiff's claims against Sergeant Bibel and Captain Kneeshaw are not entirely clear but he appears to hold them liable for the manner in which they responded to his administrate grievances and requests for "investigations." (*See* FAC at 4-5.)

However, to the extent Plaintiff seeks to hold the Defendants liable for the failure to properly adjudicate his inmate grievances, he has no federal constitutional right to an effective grievance or appeal procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding no § 1983 liability for actions of prison officials in reviewing inmate appeals because inmates have no federal constitutional right to a prison grievance system); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.")

Therefore, the Court DISMISSES Plaintiff's claims against Defendants Bibel and Kneeshaw for failing to state a claim upon which relief may be granted.

### C. Verbal Harassment claims

Plaintiff also alleges that he was subjected to "verbal abuse" by jail officials. (FAC at 3-5.) Allegations of verbal harassment and abuse by themselves fail to state a claim cognizable under 42 U.S.C. § 1983. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *see also, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *as*

*amended*, 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment).

Thus, the Court finds that Plaintiff's claims of verbal harassment must be DISMISSED for failing to state a claim.

### D. Supervisory Liability

Once again, Plaintiff names Sheriff Gore as a Defendant but provides no specific factual allegations as to this Defendant. As a result, Plaintiff fails to state a claim upon which § 1983 relief can be granted because he sets forth no individualized allegations of wrongdoing by Sheriff Gore, and instead seeks to hold him vicariously liable for the actions of his deputies. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution.")

Plaintiff's FAC contains no factual allegations describing what Defendant Sheriff Gore knew, did, or failed to do, with regard to Plaintiff's needs. *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

Thus, without some specific "factual content" that might allow the Court to "draw the reasonable inference" that Sheriff Gore may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court DISMISSES all claims against Defendant Gore.

### E. Eighth Amendment excessive force claims

As currently plead, the Court finds Plaintiff's Complaint contains Eighth

4

3:18-cv-1578-AJB-MDD

Amendment excessive force claims against Defendant 3089 ARJIS sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

### F. Leave to Amend

Because the Court has determined that Plaintiff's excessive force claims survive the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his excessive force claims against 3089 ARJIS only; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within thirty (30) days from the date this Order is filed. If Plaintiff chooses to proceed as to his claims against 3089 ARJIS, the Court will issue an Order directing the U.S. Marshal to effect service of his FAC as to this Defendant only and dismiss the remaining claims and defendants.

## III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Court **DISMISSES** Plaintiff's claims against Bibel, Kneeshaw, and Gore for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

2. The Court **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the excessive force claim against 3089 ARJIS only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693

F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

3. The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint for his use in amending.

**IT IS SO ORDERED**.

Dated: September 24, 2018

Hon. Anthony J. Battaglia
United States District Judge